41  291
,e100 199

JOSEPH H. UNDERWOOD, *Complainant, versus* NORTH WAYNE SCYTHE COMPANY.

At common law, an easement may be acquired upon the land of another, without proof that the owner has sustained damage.

The common law remedy for the flowing of land by the owner of a mill by means of a dam to work it, is taken away by R. S., c. 126; and a recovery against the owner of the mill for damages sustained, if any, by such flowing, can be had only in the mode and in the cases provided for by the statute.

If the owner of land thus flowed has not been injured thereby, he cannot maintain an action therefor under the statute; and in such case no prescriptive right to flow the lands without the payment of damages, can be acquired against him.

Underwood *v.* North Wayne Scythe Company.

But if he has been injured, so as to enable him to maintain a complaint against the owner of the mill, such prescriptive right may be acquired against him.

In order, therefore, to maintain such prescriptive right to flow lands, it must be shown that the flowing for the twenty years and upwards, has been an injury to the owner of the lands.

Damages form the basis of the complaint for flowing, but the question of injury or no injury is not an issue to be made and tried in court, before the appointment of commissioners.

The power which was given to the jury, by the statute of Massachusetts of Feb. 28, 1798, to try the issue on the complaint as to damages, was taken away by the statute of 1821, c. 45, and given to commissioners appointed by the Court.

The exposition by this Court in its various decisions, of the statutes of 1821, 1824 and 1840, on the subject of flowing lands by the operation of mills, is correct in the doctrines established, although remarks may have been made in reference to particular facts of the respective cases, probably not understood in some respects as they were intended.

ON EXCEPTIONS from *Nisi Prius,* RICE, J., presiding.

This was a complaint to recover damages for flowing the complainant's land by a mill-dam.

The facts appear in the opinion of the Court.

The respondents requested the Court to instruct the jury that they were by law entitled to maintain their said dam at, and to flow to, the same height at which they had maintained it and flowed, for a period of twenty years next before the filing of said complaint, and that if the said dam was no higher for the period mentioned in said complaint than it had been maintained for the last twenty years, or more, before that time, the respondents would not be liable to this complaint.

The Court declined to give such instructions, but did instruct the jury, that although the defendants should prove, that they had flowed the complainant's lands for a period of twenty years, they would thereby gain no right to flow, unless such flowing did damage; and if the jury should find that the dam of the respondents overflowed any part of the lands of the complainant prior to 1838, to do them damage, they would thereby acquire a right to flow only such lands as were so damaged; and if, since the year 1838, additional lands of the complainant had been overflowed and damaged by the re-

Underwood *v*. North Wayne Scythe Company.

spondents' dam, they would be liable for such additional flowing.

*Bradbury & Morrill* argued in writing, in support of the exceptions, presenting an extended and critical examination of the cases in this State and Massachusetts upon the subject of the prescriptive right to flow.

1. They said, that the Courts in Massachusetts had decided at an early day, upon statutes in all substantial respects, the same as our own, that where a mill-owner has in fact exercised the right of keeping up his dam and flowing the land of another person for a period of twenty years, without payment of damages, and without claim of damages, it is evidence of a right to flow without payment of damages, and will be a bar to such claim. *Williams* v. *Nelson,* 23 Pick. 141.

This being the long settled rule in Massachusetts, if it should be asserted that a different rule has obtained in this State, under circumstances nearly similar, or precisely the same, it would seem to call for a careful revision of the cases, and an examination into the reasons for the conflict of opinions in two neighboring jurisdictions, upon the same subject matter.

If it should appear that the *reasoning* in this class of cases, in both courts, is harmonious, it may not be impossible to reconcile the conclusions, even though they may not in all respects agree.

In Massachusetts, and elsewhere out of Maine, it is held that the act of flowing carries with it a presumption of damages.

The theory upon which all the decisions are founded is, that twenty years exclusive enjoyment of the use, affords a presumption of a grant of the easement. 3 Kent's Com. 441.

In the case of *Hathorn* v. *Stinson & als.* 10 Maine, 224, it was first intimated that the right to flow could not be shown by prescription, without proving actual damage. *Tinkham* v. *Arnold,* 3 Maine, 120; *Hathorn* v. *Stinson,* before cited, and s. c. 12 Maine, 183.

The reason given for this new doctrine, unlike that given

in *Tinkham* v. *Arnold,* in which it is said that no prescriptive right can be had, is that of *statute disability* on the part of the land-owner to maintain the statute process.

An examination of the statute of 1821, c. 45, and of the R. S., c. 126, will show that that reason no longer exists, since, by the latter statute, the respondent cannot show that no damage has been done. *Stowell* v. *Flagg,* 11 Mass. 364. The cases cited from Mass. Reports in *Hathorn* v. *Stinson,* were also cited and commented upon. The doctrine of *Tinkham* v. *Arnold,* was the rule in this State up to the year 1840, although other reasons than those there given had been mentioned in *Hathorn* v. *Stinson.* In the case of *Seidensparger* v. *Spear,* 17 Maine, 123, it was still said that *damages were to be presumed,* and the position taken in *Hathorn* v. *Stinson,* that *actual* damages must be shown, was repudiated.

The Court in *Nelson* v. *Butterfield,* 21 Maine, 220, gave a new reason, to wit, that evidence of no damage is now excluded, because the question of damages is transferred to another tribunal.

It is contended that the reason assigned in the case last cited fails, and consequently the modern doctrine built upon it falls, and the old doctrine, that of the Revised Statutes, of damages presumed from flowing, revives. Stat. 1821, § 45; Stat. 1824, c. 261; R. S., c. 126, § 12.

The legislation of 1856 must have been based upon the idea of the right of complainant to maintain his process without showing actual damages; otherwise it would turn out, under the rule adopted in *Nelson* v. *Butterfield,* that the land-owner would have his land taken from him virtually without the power of submitting the question to a jury at all, as by Stat. 1856, c. 269, the report of the commissioners is not permitted to be impeached.

The case of *Nelson* v. *Butterfield,* was decided upon the ground, that it fell within a class of cases in which the Court had decided, that while the owner of land suffers no damage, and can therefore maintain no suit or process, he cannot be presumed to have granted the right to flow.

Upon a careful examination of each of the cases referred to, it is believed it will be difficult to find authority for the position taken. The doctrine was, indeed, as is contended, first distinctly announced in *Nelson* v. *Butterfield,* and upon that case the decisions in this State made subsequently are understood to hinge.

2. The Judge instructed the jury that the respondent must show damage done by the flowing. Now, in *Nelson* v. *Butterfield* the Court held, that " the presiding Judge was correct in excluding the testimony tending to prove that the complainant had not suffered damage, from the consideration of the jury."

The question, then, as to damages, should have been reserved " for the other tribunal." The Judge should have told the jury, that if defendants flowed, some damages would be presumed, until the contrary should appear by the report of the commissioners.

In *Tinkham* v. *Arnold,* the same doctrine of *presumption* of damages was also held.

3. The Court authorize the jury to make a distinction between lands " overflowed" " to do the damage," and those not " so damaged."

4. If the dam had been repaired, without so changing it as to raise the water higher than the old dam, when tight and in repair, would raise it, it is no new use of the stream. *Cowell* v. *Thayer,* 5 Met. 258.

*H. W. Paine* and *Bean,* for complainant.

The instruction, "that although defendants should prove that they had flowed the complainant's land for a period of twenty years, they would thereby gain no right to flow, unless such flowing did damage," is settled law. *Hathorn* v. *Stinson,* 12 Maine, 183; *Nelson* v. *Butterfield,* 21 Maine, 220.

The doctrine of these cases results necessarily from the provisions of the mill Act, which preclude the land owner from proceeding for the entire damages. *Davis* v. *Brigham & al.,* 29 Maine, 391; *Wood* v. *Kelley,* 30 Maine, 47.

The instruction, "that if the jury should find, that the dam

overflowed any part of the complainant's land, prior to 1838, to do them damage, they would thereby acquire a right to flow only such lands as were so damaged," is but a corollary of the former instruction.

The doctrine of *Cowell* v. *Thayer*, 5 Met. 253, is one of the consequences of the principle established in *Williams* v. *Nelson*, 23 Pick. 141, which is not law in Maine.

As the instructions given were correct, it is unnecessary to consider the instruction requested.

TENNEY, C. J. — The Revised Statutes, c. 126, § 1, authorize any man to erect and maintain a water-mill, and a dam to raise water for working it, upon and across any stream that is not navigable, upon such conditions and regulations as are expressed in said chapter.

Any person sustaining damages in his lands, by their being overflowed by a mill-dam, may obtain compensation for the injury, by complaint. Sect. 5.

By § 9, the owner or occupant of such mill may appear, and plead in bar to such complaint certain things specified, or any other matter which may show that the complainant cannot maintain his suit, but he shall not plead in bar of the complaint, that the land described therein, is not injured by such dam.

At common law, an easement may be acquired upon the land of another, without proof that the owner has sustained damage. For the least appropriation of the land, without the consent of the owner, is an invasion of his rights, and an action can be maintained for such invasion. But the overflowing of another's land, by the owner of a mill, to work it, by means of a dam, the mill and dam standing upon his own land, being secured by the provision referred to, his common law remedy for damages, when sustained, is taken away; and he can recover against the owner of the mill, only in the mode, and in the cases provided for by the statute.

If the owner of the land flowed, has not been injured by the flowing, he cannot maintain the action under the statute,

against the owner of the mill for flowing his land; and having no power to prevent the flowing in such case, no prescriptive right to flow the lands without the payment of damages can be acquired against him. But if the owner of the land flowed, has a right to maintain a complaint against the owner of the mill for such flowing, the latter may acquire a prescriptive right to flow the land, without the payment of damages. It follows, that to maintain this prescriptive right to flow, it must be shown, that the flowing for the twenty years, and upwards, has caused damages to the owner of the land.

As a basis of a complaint for the recovery of damages for the flowing of lands by means of a dam and mills thereon, damages must have been sustained by the owner of the land. But whether damages have been so caused to the complainant, is not an issue to be made and tried in the court in which the complaint is entered, before the appointment of commissioners. If upon the issues which may be presented in pursuance of the provisions of § 9, the decision should be in favor of the complainant; or if the owner or occupant of the mill, after being notified, &c., shall not appear, or shall be defaulted, or shall not plead or show any legal objection to proceeding, the court shall appoint three or more disinterested persons, of the same county, commissioners, who shall go upon, and examine the premises and make a true and faithful appraisement under oath of the yearly damages, *if any*, done to the complainant by flowing of his lands described in the complaint, &c., § 12. And these commissioners are to determine, whether the complainant has been injured or not. The power which was given to the jury, by the statute of Massachusetts, entitled " An Act, additional to an Act, entitled an Act for the support and regulation of mills," passed Feb. 28, 1798, which authorized the respondent in his plea, to dispute the statement made by the complainant, and try the issue presented on such plea, at the bar of the court, was taken away by the statute of 1821, c. 45, and given to the commissioners. *Nelson* v. *Butterfield*, 21 Maine, 220; *Wood* v. *Kelley*, 30 Maine, 47, and cases referred to in each, on the points herein considered.

The instructions, requested by the respondents' counsel to be given to the jury, were properly withheld, not being predicated on the assumption, that the complainant sustained damages, during the time of the flowing, from which the respondents founded their prescriptive right to flow the land described in the complaint. And the instructions given were in accordance with the well settled construction of the statute.

It is not improper to remark, that we have been much interested in the able and critical examination by the respondents' counsel, of the decisions of this Court upon the subject under consideration, and the reasons given for the results to which the Court came. Some remarks may be found in these opinions, made in reference to the particular facts of the respective cases, rather than what was necessary, in giving a construction to the statute in its general application, and may not have been understood, in some respects, as they were intended by the individual Judge who made them. But the exposition of the statutes of 1821, 1824, and of 1840, on the subject of mills, and the flowing of lands, for their operation, in these decisions, is believed to be correct in the doctrines which they establish.                    *Exceptions overruled.*

CUTTING, APPLETON, and MAY, J. J., concurred.